# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

TALAT ABDUL AKBAR,

      Plaintiff,          :        Case No. 3:06-cv-314

                                            District Judge Walter Herbert Rice

      -vs-                         Chief Magistrate Judge Michael R. Merz

                             :

AMERICAN GENERAL FINANCE
  CORP.,

      Defendant.

---

## DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

---

      This case is before the Court on Defendant's Motion for Reconsideration (Doc. No. 14) of the Magistrate Judge's Decision and Order (Doc. No. 13) denying Defendant's Motion to Compel Arbitration and Stay Proceedings (Doc. No. 7).

      The Motion for Reconsideration apparently seeks that reconsideration from the Magistrate Judge. The initial Motion to Compel was decided by the Magistrate Judge as a pre-trial non-dispositive motion under 28 U.S.C. §636(b)(1)(A). While the parties had a right to appeal that decision to District Judge Rice under Fed. R. Civ. P. 72, the Motion for Reconsideration is not styled as an appeal or objection.

      This litigation arises out of a loan transaction involving Ronald and Talat Akbar and Defendant in September, 2002. With the apparent assistance of the Miami Valley Fair Housing Center, Messrs. Akbar rescinded the transaction in September, 2005. A year later the Plaintiff filed this action *pro se* in the Montgomery County Common Pleas Court, claiming in very general terms that Defendant had violated the Truth in Lending Act and had acted as a predatory lender

(Complaint, Doc. No. 2).  Because the Complaint made claims which arise under federal law, Defendant removed the case to this Court  on October 6, 2006 (Notice of Removal, Doc. No. 1). After answering (Doc. No. 5), Defendant moved to compel arbitration on the theory that the contract between the parties made arbitration with the National Arbitration Forum the sole forum for resolution of disputes arising under or from those contracts.

In the Decision for which reconsideration is sought, the Magistrate Judge concluded that the contract, fairly read, permitted either party to elect arbitration of any disputes, but did not mandate that they be resolved by arbitration.

The key relevant contract provision reads:

> RIGHT TO ELECT ARBITRATION: You or Lender can elect to have "Covered Claims" (as defined below) be resolved by binding arbitration in accordance with the Arbitration Provisions, except for matters not covered by arbitration (as provided below).  This election applies even if there is a pending or completed judicial action (up to entry of final judgment or settlement).  If you bring a covered claim against Lender in court (either as a claim or counterclaim), Lender can choose to have that covered claim resolved by binding arbitration.  If Lender brings a covered claim in court (either as a claim or counterclaim), then you can elect to have that covered claim resolved by binding arbitration.

(Motion, Doc. No. 7, Ex. 2.)  The Court's interpretation of the foregoing provision was reinforced by the provision for beginning arbitration.

> F. STARTING ARBITRATION: Either you or Lender can start arbitration anytime a covered claim arises between you and us.  To start arbitration, you or Lender must do the following things, (a) complete a demand for arbitration (contract NAF for a copy); (b) send three copies of the complete d Demand For Arbitration and three copies of this Agreement, along  with the filing fee, to National Arbitration Forunm,, P.O. Box 50191, Minneapolis, Minnesota 55405; and (c) send one copy of the Demand for Arbitration to the other party (that is, if Lender starts arbitration, Lender sends it to you; if you start arbitration, you send it to Lender) at the address shown herein.

*Id*.  The Magistrate Judge concluded that the arbitration provisions require "that the party desiring

2

to have a covered claim arbitrated make a demand for arbitration by the means set forth in the contract.  Because it is the Lender which prefers arbitration, it is the Lender which must make the demand.  Defendant has presented no evidence to the Court that it has yet made such a demand." (Decision and Order, Doc. No. 13, at 3.)

Defendant argues "[s]ince it is Plaintiff, not AGFS, who asserts an affirmative claim, it is illogical to require AGFS to initiate an arbitration proceeding. . . . [T]he correct procedure is that the plaintiff files his claim before the appropriate arbitration forum . . . and then the respondent (here AGFS) files its response."  (Motion for Reconsideration, Doc. No. 14, at 1.)  Defendant notes that having a case decided by arbitration is "merely a change of forum, not a change of party status," suggesting that if it files the arbitration demand, it would somehow be regarded as the party asserting a claim.  ("In essence, the Court's ruling turns AGFS into the plaintiff. . . ." *Id.* at 2.)

To the contrary, choosing the forum does not imply that one is the party asserting the claim. In fact, Defendant's argument is belied by the present status of this very case: Plaintiff initially chose the Montgomery County Common Pleas Court as the forum for resolution of his claim and Defendant, without losing its status as a defending party, removed the case to federal court under 28 U.S.C. §1441.  Indeed, only a defending party can make that particular forum choice.

Defendant relies on *Mills v. Jaguar-Cleveland Motors, Inc*., 69 Ohio App. 2d 111, 430 N.E. 2d 965 (Ohio App. 8th Dist. 1980), for the proposition that "the right to arbitrate can be saved [in the face of litigation to enforce an arbitrable right] by seeking enforcement of the arbitration clause through an application to stay legal proceedings pending arbitration."  This Court quite agrees and is fully prepared to enforce the strong federal and state public policy in favor of arbitration once arbitration has been properly commenced for this dispute. In *Fairfield Engineering Company v. Anchor Hocking Corporation*, 1986 WL 4367 (Ohio App. 3 Dist.), also relied on by Defendant, the issue was not which party has the obligation to initiate arbitration, but what constitutes a waiver of

the right to arbitrate. This Court does not believe and has not held that Defendant has waived or forfeited its right to arbitrate this dispute, but only that Defendant is the party under an obligation to initiate the arbitration proceedings.

Subsequent to the Decision which is sought to be reconsidered, Defendant sent Plaintiff a demand for Plaintiff to initiate arbitration proceedings (See Exhibit B to Doc. No. 14). The Court concludes that that demand letter is ineffective to exercise Defendant's right to arbitrate the dispute because it does not initiate arbitration in the manner required by the Arbitration Provisions of the contract.

Defendant also relies on the terms of the National Arbitration Claim Form which require a claimant to set forth the amount he is claiming. The Court is of course unable to determine the extent to which the Arbitration Provisions of its contract with Plaintiff (which is obviously on forms prepared by Defendant or its predecessor in interest in the transaction) were coordinated with the NAF. However, it is the terms of the contract which govern, not the NAF form.

Accordingly, the Motion for Reconsideration is denied. The Court has not denied Defendant's right to arbitrate, but merely insists that it exercise that right in the manner required by the contract it drafted. When it has done so, the Court is prepared to stay these proceedings in favor of arbitration.

December 15, 2006.

> s/ Michael R. Merz
> Chief United States Magistrate Judge